UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WILLIAM J. FOLEY,                                               Case No. 15-cv-773-PP

           Plaintiff,

v.

MILWAUKEE COUNTY CIRCUIT COURT
DENNIS P. MORONEY,

           Defendant(s).
_____

**ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE JUDGE (DKT. NO. 3), GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE (DKT. NO. 1), DENYING THE MOTION FOR PRELIMINARY INJUNCTION AS MOOT (DKT. NO. 1), AND SETTING DEADLINE FOR FILING AMENDED COMPLAINT**
_____

On June 25, 2015, the plaintiff filed a complaint alleging that the defendant violated his civil rights, citing 42 U.S.C. §1983. Dkt. No. 1. The complaint specifically requested immediate injunctive relief; the court construes that request as a motion for the issuance of a preliminary injunction. *Id.* That same day, the plaintiff filed a motion asking the court to allow him to proceed without paying the filing fee. Dkt. No. 2. Several days later, he filed a single-page document entitled "Motion to Substitute Judge." Dkt. No. 3.

### Motion to Substitute Judge

The plaintiff's Motion to Substitute Judge states only, "The Plaintiff requests that the Court substitute another judge." Dkt. No. 3. The plaintiff gives no basis for this request.

1

Given the caption of the motion ("Motion to Substitute Judge") and the fact that the plaintiff didn't state a basis or ground for the motion, this court suspects that the plaintiff is assuming that the United States district court has a procedure similar to the procedure provided for in state courts through Wis. Stat. §801.58. That state statute provides that in any civil case, a party "may file a written request, signed personally . . ., with the clerk of court for a substitution of a new judge for the judge assigned to the case." Wis. Stat. §801.58(1). The Wisconsin law states that if the plaintiff makes this request in the time period required by the statute, and in the appropriate form, "the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under s. 751.03." What this means is that in state courts in Wisconsin, a plaintiff may make one substitution request within a certain time period, and he has a right to have that request granted, no questions asked.

There is no such federal law or rule. Federal litigants do not have the right to have one substitution, no questions asked. In federal court, judicial recusal is governed by 28 U.S.C. §144 and 28 U.S.C. §455. Both of those statutes require that a moving party state grounds for requesting that a judge remove him- or herself from a case. Because the plaintiff in this case did not file a motion under either of those statutory provisions, and did not state grounds for asking the undersigned judge to remove herself from the case, the court will deny the plaintiff's motion to substitute judge.

2

## **Motion to Proceed *In Forma Pauperis***

The plaintiff also has filed a petition for leave to proceed *in forma pauperis.* Dkt. No. 2. A district court may authorize a plaintiff to proceed *in forma pauperis*—meaning that he does not have to pre-pay the $400 filing fee to commence a civil lawsuit—if the plaintiff submits an affidavit listing his assets, indicating that he is unable to pay the fees, and stating his belief that he is entitled to the relief he seeks. 28 U.S.C. §1915(a).

The plaintiff's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs indicates that he receives $964 a month in disability income—no other income, no Food Share or other food assistance. He owns no assets—no car, no house. He states that he has monthly living expenses of $1,145 per month. He does not indicate whether he lives with someone else, or whether there is anyone who assists him with his expenses.

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder, when it finds that the plaintiff cannot pay the full expense, but can pay part of it. *See Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In this case, the information contained in the plaintiff's affidavit, signed under penalty of perjury, demonstrates that he does not have enough money to pay his monthly expenses, and so does not have the funds to pay a filing fee. Accordingly, the court will waive the $400 filing fee.

## Screening Plaintiff's Complaint

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual

4

allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

There are some problems with the plaintiff's complaint in this case that make it impossible for the court or the defendants to evaluate his claim. First, the court notes that the plaintiff states in Part I of the complaint that previously, he had filed a federal lawsuit relating to the same occurrence he alleges in the current complaint. Dkt. No. 1 at 1. While he indicates that he filed this lawsuit in the Eastern District of Wisconsin, and that the case was assigned to Judge Thomas Curran (who retired from the court in 2007 and passed away in 2012), he does not provide a case number for that lawsuit. The court requires that information in order to determine whether the issues that the plaintiff raises in this lawsuit already have been determined by a prior court.

5

Second, the plaintiff's complaint is captioned "William John Foley vs Milwaukee County Circuit Court Judge Dennis P. Moroney Branch 20." *Id.* The court cannot determine, from that caption or from the body of the complaint, whether it is the plaintiff's intent to try to sue *two* defendants—the Milwaukee County Circuit Court *and* Judge Dennis P. Moroney—or whether he intends to sue only Judge Dennis P. Moroney, and is referring to him by a full title ("Milwaukee County Circuit Court Judge Dennis P. Moroney"). This matters, because §1983 and the case law interpreting it allow for civil rights suits against particular defendants in particular circumstances, and do not allow suits against certain individuals, and many entities, in other circumstances.

Third, the plaintiff refers to himself in the body of the complaint as "Your Appellant." *Id.* at 3. The United States District Court for the Eastern District of Wisconsin is a trial court for §1983 actions, not an appellate court. If the plaintiff is seeking that this court review the decision of a lower court, the court will not be able to grant him the relief he seeks, because this court does not have appellate authority in §1983 cases.

Fourth, as best this court can tell, the plaintiff alleges in the complaint that he was a litigant in a trial, and that on the first day of trial—just fifteen minutes before jury selection was to start—the judge (presumably the one named in the caption of the complaint) withdrew his permission to let the defendant represent himself. The court had appointed stand-by counsel, but that attorney indicated that he wasn't prepared to proceed to trial because he hadn't talked with plaintiff in a couple of weeks. According to the plaintiff, the

6

court responded with words to the effect, "I don't care we're proceeding." *Id.* For this reason, the complaint asks this court to issue a preliminary injunction "on any further proceedings by the state court pending a hearing on appellants [sic] claim of being denied his sixth amendment right of self-representation." *Id.*

Nowhere in the complaint does the plaintiff provide the court with the name of the case in which these events occurred. Nowhere does he provide the court with the case number, or the name of the court (although the court assumes from the caption that it was the Milwaukee County Circuit Court). Nowhere does the plaintiff indicate the date—exact or approximate—on which these events happened.

In order for the court and the defendant (or defendants) to be able to assess and respond to the plaintiff's §1983 claims, the plaintiff must provide the "who, what, when, where and why" of the events involved. The plaintiff does not need to provide a long, detailed recitation of the facts, but he does have to give the bare minimum of information to allow the court and the defendant to figure out which case he's talking about, when the case was brought and tried, and where. There simply isn't enough in this complaint to allow the court or the defendant to make that determination.

The court is going to dismiss the complaint without prejudice, which means that the court will give him a chance to amend the complaint to provide the necessary information. The court is enclosing with this order a packet of information entitled "Guide to Filing Complaints Without a Lawyer in Federal District Court." This guide explains how to file a complaint that the court and

7

the defendant can effectively consider. The court strongly urges the plaintiff to take the advice and the tips in this packet into account when he writes his amended complaint. The court will give the plaintiff a deadline by which to file the amended complaint.

## **Request for Preliminary Injunctive Relief**

For the same reasons stated in the previous section, the court can't rule on the plaintiff's request for preliminary injunctive relief. The plaintiff asks the court to enjoin further action in state court, but doesn't tell the court the case name, the case number, or the location of the court action that is pending. Is the trial still going on? Is there an appeal pending? What action does the plaintiff want the court to enjoin?

The court also recommends that the plaintiff review Federal Rule of Civil Procedure 65, which governs the requirements for obtaining preliminary injunctive relief. The court has enclosed a copy of that rule with this order.

## **Conclusion**

The court **DENIES** the plaintiff's Motion to Substitute Judge (Dkt. No. 3).

The court **ORDERS** that the plaintiff's Petition to Proceed Without Prepayment of Fees and/or Costs is **GRANTED**, and the court **WAIVES** the filing fee (Dkt. No. 2).

The court **DISMISSES** the plaintiff's complaint without prejudice (Dkt. No. 1), and **ORDERS** that if the plaintiff chooses to file an amended complaint, he must do so no later than **August 14, 2015**. If the plaintiff does not file an amended complaint by the end of the day on August 14, 2015, the court will

dismiss the case pursuant to Fed. R. Civ. P. 41 for failure to prosecute. This order of dismissal includes the portion of the complaint which requests the issuance of a preliminary injunction (Dkt. No. 1 at 3).

Dated in Milwaukee this 1st day of July, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge