IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM J. FOLEY,

Plaintiff,

v.

DENNIS P. MORONEY,

Defendant.

Case No. 15-cv-773-pp

**ORDER DISMISSING CASE**

On June 25, 2015, the plaintiff filed a complaint alleging that the defendant violated his civil rights, citing 42 U.S.C. §1983. Dkt. No. 1. The complaint specifically requested immediate injunctive relief, and the court construed that request as a motion for the issuance of a preliminary injunction. Id. That same day, the plaintiff filed a motion asking the court to allow him to proceed without paying the filing fee. Dkt. No. 2. Several days later, he filed a "Motion to Substitute Judge." Dkt. No. 3.

On July 1, 2015, the court denied the motion to substitute judge, stating that the federal statutes required the moving party to state grounds for requesting that a judge remove him- or herself from a case. Dkt. No. 4 at 2. See also 28 U.S.C. §144 and 28 U.S.C. §455. The court also granted the plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 4 at 3. Next, the court screened the complaint, and found that the plaintiff had not provided enough information in his complaint to determine whether the issues raised already

1

had been determined by a prior court. Id. at 5. The court also stated that it could not determine who the plaintiff sought to sue: the Milwaukee County Circuit Court? Judge Dennis P. Moroney? Or both? Id. at 6. The court explained that it could not act as an appellate court in §1983 cases and noted that the plaintiff had not provided the "who, what, when, where, and why" of the events alleged in the complaint. Id. at 6-7.

Therefore, the court dismissed the complaint without prejudice and ordered the plaintiff to file an amended complaint by close-of-business on Friday, August 14, 2015. Id. at 8. For the same reasons, the court denied the plaintiff's request for preliminary injunctive relief. Id. The court stated that it would dismiss the case for failure to prosecute under Fed. R. Civ. P. 41 if the plaintiff did not file the amended complaint by the deadline.

On July 22, 2015, the plaintiff filed a document entitled "Plaintiff's Responses." Dkt. No. 5. The document withdrew the plaintiff's motion to substitute counsel and attempted to provide updated information pursuant to the court's July 1 order. Id. at 1. On July 27, 2015, the court reviewed that document and reminded the plaintiff that it had ordered him to file an amended complaint by August 14, 2015. Dkt. No. 6 at 1. The court emphasized that it had "strongly urged" the plaintiff to use the courts "Guide to Filing Complaints Without a Lawyer in Federal District Court." Id. The court also noted that the plaintiff had provided some of the information that the court had requested, but had not fully complied with the July 1 order. Id. at 2. Therefore, the court gave the plaintiff "one more chance" to file his amended complaint by

2

Friday, August 14, 2015, and reminded the plaintiff that the court might dismiss the case if he failed to file the amended complaint. Id.

On July 27, 2015, the plaintiff filed "objections" to the court's orders. Dkt. No. 7. The plaintiff asked the court not to require him to file an amended complaint. Id. at 2-3. The plaintiff also asked the court to recuse itself from this case. Id.

As of the date of this order, the plaintiff has not filed an amended complaint as the court has ordered him to do on two separate occasions. Therefore the court will dismiss the complaint without prejudice. The court will also deny the motion for recusal.

**WHEREFORE** the court **DISMISSES** the complaint without prejudice. The court also **DENIES** the plaintiff's motion for recusal (Dkt. No. 7).

Dated at Milwaukee, this 24th day of August, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge